Mr. Justice Pkay
delivered the opinion of the court.
This was an action of assumpsit in the court below, in which a judgment was rendered against the plaintiffs in error. Upon this judgment a fieri facias was issued and levied, a forthcoming bond taken and with the execution returned forfeited.
A motion was then made by the counsel of the defendants below to quash the fieri facias oil the grounds: First, That there is an overcharge in the bill of costs; Secondly, That the forthcoming bond is not in conformity with the statute in this; Thirdly, That it does not recite that the property was redelivered to the defendant; Fourthly, Of the matter contained in the sheriff’s return, &c. And the motion was overruled by the court.
A bill of exceptions was tendered to this decision, and signed by the court. This bill purports to set out the execution in hsec verba, and refers to the bond in question, as marked C. The execution is not set out in the. bill nor is there a bond in the *853 papers marked C. This defect could be sufficient to affirm the judgment below.
We have, however, examined One fieri facias and forthcoming-bond contained in the record, and believe them sufficient in substance and form, to meet the requisitions of the statute. Of the return of the sheriff we can form no opinion, because it is nowhere specified in the record. The forthcoming bond, after forfeiture becomes, by operation of law, a judgment; and as the law will not permit two judgments to exist at the same time against the same person for the same debt, this judgment, by operation of law, necessarily extinguishes the former. After a judgment has been extinguished a motion to set aside or quash air execution, on the ground of exorbitant charges in the bill of costs, comes too late. The party affected must pursue a different remedy.
It is even doubtful, after final judgment is rendered, whether there can be a retaxation of costs. For the protection of parties litigant, every clerk and sheriff is bound to keep fee a book, in which he is to enter every fee, for each and every distinct service by him rendered. It is the duty of the party to attend to the taxation of costs, if there are any illegal items' before the recording of the final judgment, because this judgment is as well for costs as for debt or damages; and if the party neglects this duty it would seem to be a waiver, so far as the judgment is concerned, of all objection. Rev. Code, 271, s. 3.
The statute has made ample provision for the protection of parties against illegal costs, without delaying the execution of final judgments; and if they do not choose, at a proper time, to avail themselves of that protection, no injustice is believed to be done, because they cannot afterwards be relieved.
We are satisfied, in the present case, that the judgment below must be affirmed with costs.